O'CONNELL et al. v. AMERICAN FIRE INS. CO. OF PHILADELPHIA.

(Circuit Court, N. D. California. August 24, 1911.)

INSURANCE (§ 579*)—IMPEACHMENT FOR FRAUD—ACTION AT LAW IN FEDERAL COURT.

Where plaintiffs surrendered an insurance policy after a loss, the amount of which, recoverable on the policy, was unliquidated, and executed a formal release of all claims thereunder, with full knowledge of its contents, on payment to them of 50 per cent. of the face of the policy, the transaction was a compromise and settlement, and, even though procured by the fraud of defendant, is a bar to an action at law on the policy in a federal court.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 579.*]

At Law. Action by John O'Connell and others, executors, against the American Fire Insurance Company of Philadelphia. Judgment for defendant.

Daniel O'Connell, for plaintiffs.
Goodfellow, Eells & Orrick, for defendant.

VAN FLEET, District Judge. The action is one at law, and proceeds upon the theory that an ascertained indebtedness under the policy sued on existed in favor of plaintiffs as against defendant, which was due and owing, and that plaintiffs were induced by the fraudulent representations of defendant's agent to give a receipt in full upon the payment of $3,000, that this receipt was given without consideration, and that defendant remains indebted to plaintiffs in the balance of $3,000, for which recovery is sought.

The evidence wholly fails to sustain this theory. It shows that the amount due on the policy, if anything, had never been determined between the parties, but that defendant, through its agent, represented to plaintiffs, in substance, that the company was "down and out" and unable to continue in business; that if the plaintiffs would accept 50 ·

---

per cent. of their claim, or $3,000—one-half the face of the policy—and give a release of all claim under the policy, defendant would pay that sum, but that it could not pay more to anybody, and that if plaintiffs did not accept that sum they might not get anything; that plaintiffs accepted this offer and were given a check for $3,000, in consideration of which they executed and delivered to defendant, with full knowledge or opportunity to know the nature of the documents, a receipt wherein it was recited that the amount received was "in full of all claims for loss or damage by fire," etc., and accompanied this receipt by a formal release, in which it was stated that the said sum was paid "in full satisfaction of all claims for loss or damage" under the policy, and that "in consideration of this payment the policy is hereby canceled in full and surrendered to the company," and plaintiffs thereupon surrendered the policy to the defendant. These facts do not warrant a judgment for plaintiffs.

It is not an instance of the giving of a mere receipt in full on the payment of a part only of an established indebtedness, but is an instance of the compromise of an unliquidated demand, wherein for a stipulated payment the entire claim was settled, and a formal release of all further demand arising thereon given. As against such a transaction, even if induced by fraud, relief may not be had at law in the federal courts, wherein the distinction between legal and equitable remedies is still maintained, unaffected by any changes in the method of administering such remedies that may obtain under the legislation of the state.

The case disclosed by the facts is purely one of equitable cognizance. The only fraud which may be availed of in an action at law in a federal court to avoid a formally executed release of the claim sued on is misrepresentation, deceit, or trickery practised to induce the execution of a release, which the signer never intended to execute, and upon which the minds of the parties never met, and does not include any of those misrepresentations of fact which may have been resorted to in order to persuade the claimant to agree to the release as actually made.

The doctrine as stated is fully considered and declared by the Circuit Court of Appeals of the Eighth Circuit in Pacific Mutual Life Insurance Co. v. Webb, 157 Fed. 155, 84 C. C. A. 603, wherein the authorities are carefully collated, and where the contrary view, taken by the Circuit Court of Appeals for the Sixth Circuit in Lumley v. Railway Co., 76 Fed. 66, 22 C. C. A. 60, and Wagner v. National Life Insurance Co., 90 Fed. 395, 33 C. C. A. 121, is denied recognition. See, also, Cook v. Fidelity & Deposit Co., 167 Fed. 95, 101, 92 C. C. A. 547, decided by the Circuit Court of Appeals of this Circuit, wherein the rule announced in the first-mentioned case is approved of and followed.

As this conclusion disposes of the case, it is unnecessary to consider the other questions discussed by counsel.

The suggestion at the argument, that plaintiffs be permitted to amend their complaint to conform to the facts developed, cannot be entertained, since this would be to sanction under the guise of an

amendment an entire and fundamental change in the nature of the cause of action by transforming it from one at law to one in equity. While the rule of the statute authorizing amendments is a liberal one, it is not sufficiently so to justify such a course.

The judgment must go for defendant for its costs.