## PATTERSON v. CINCINNATI, N. O. & T. P. RY. CO.

District Court, E. D. Kentucky.
Feb. 18, 1932.

Walter M. Nelson, of Cincinnati, Ohio, for plaintiff.

Galvin & Tracy, of Cincinnati, Ohio, for defendant.

ANDREW M. J. COCHRAN, District Judge.

This action is before me on defendant's demurrer to the second paragraph of the reply. It is an action to recover the sum of $81,000 for the alleged wrongful death of plaintiff's intestate on February 11, 1930. By the fifth paragraph of its answer the defendant pleads in bar of plaintiff's right to maintain the action that on January 3, 1931, she entered into a written contract with defendant whereby she released it from all liability because of the death of her intestate in consideration of the sum of $3,000 then and there paid to her by defendant. By the second paragraph of the reply the plaintiff pleads that such contract was procured by the fraud of the defendant, not in its execution, but in inducing and persuading her to execute it.

The defendant relies on two grounds in

support of its demurrer. One is that the plaintiff should have tendered to defendant the $3,000 which she received from it before bringing the action as a condition precedent of her right to do so. The other is the plaintiff has no right to plead such fraud in the procurement of the contract in this action at law. It should have brought a suit in equity to rescind it. I will dispose of the second ground first.

As to the authorities bearing on the question of the right to plead fraud in the procurement of a written contract at law, either as a defense to an action thereon or as a reply to it when it is pleaded as a bar to the action, it is said in the case of Pringle v. Storrow (D. C.) 9 F.(2d) 464, that "their name is legion." Two distinctions must be noted. One is where the contract is a sealed instrument. The Supreme Court of the United States, in the cases of Hartshorn v. Day, 19 How. 211, 15 L. Ed. 605, and George v. Tate, 102 U. S. 564, 26 L. Ed. 232, held that in such a case fraud cannot be pleaded at law. These two decisions were followed in Pringle v. Storrow, supra, a decision of the District Court, as against that in Manchester St. R. v. Barrett, 265 F. 557, a decision of the appellate court of that circuit. Of course, this position can apply only in a case where the seal is of legal significance. The other distinction is where the fraud complained of has relation to the execution of the contract. In those cases such fraud can be pleaded at law. The question here is as to the right to plead fraud at law where the contract is not under seal or the seal is of no significance and where the fraud relied on was in inducing and persuading the plaintiff to execute it.

However the law on this subject may be elsewhere, it is settled in this circuit, by the appellate court thereof, that such fraud can be pleaded in an action at law and this court is bound by its position. In the case of Wagner v. National Life Ins. Co., 90 F. 395, that court held that fraud in inducing a contract of release of a cause of action set up as a defense to an action thereon might be alleged in a reply thereto. This decision has been adhered to since. In the case of Norfolk & W. R. Co. v. Hazelrigg (C. C. A.) 170 F. 551, 555, in my instructions to the jury I said, in referring to the question as to the validity of a contract of release of the cause of action sued on, that it was not invalidated because it was an unfair bargain and defendant took advantage of plaintiff in obtaining it from her. I gave as a reason this: "His remedy to

invalidate it on this ground was in equity, and he has not seen fit to seek that remedy." The appellate court in referring to this statement said: "It might be that there was error in what was here said about the necessity of resorting to equity in the case supposed (see Wagner v. National Life Ins. Co., 90 F. 395, 33 C. C. A. 121), but the defendant did not make this point." That court so held again in the case of Southern R. Co. v. Clark, 233 F. 900. Its position was accepted and followed by Judge Tuttle in the case of United States v. Porter (D. C.) 9 F.(2d) 153. The appellate court of the Fifth Circuit takes the same position following the decision in the Wagner Case. Murphey v. Springs & Co., 200 F. 372, 45 L. R. A. (N. S.) 539; Kansas City So. R. Co. v. Martin, 262 F. 241. Judge Hanford in the Ninth Circuit refused to follow the Wagner decision and held to the contrary thereof. Hill v. Northern Pac. R. Co. (C. C.) 104 F. 754. In the appellate court it was said that the Wagner decision "seems to be in conflict" with the decision in the case of Hartshorn v. Day and George v. Tate, supra, which was not the case, and it found it "unnecessary in this case" to decide the question. Hill v. Northern Pac. R. Co. (C. C. A.) 113 F. 914, 917. In the case, however, of Cook v. Fidelity & Deposit Co., 167 F. 95, that court held that fraud in inducing the execution of a written contract could not be pleaded at law. To the same effect is a decision of a circuit court in that circuit in the case of O'Connell et al. v. American Fire Ins. Co., 189 F. 1018. A decision by the District Court in the subsequent case of American Sign Co. v. Electro-Lens Sign Co., 211 F. 196, takes the contrary position and cites and relies on the decision in the Wagner Case. And the decision of the appellate court of that circuit in the case of Whitney Co. v. Johnson, 14 F.(2d) 24, indicates a leaning towards the Wagner decision. The appellate court of the Eighth Circuit is against that decision. It so held in the cases of Pacific Mut. Life Ins. Co. v. Webb, 157 F. 155, 13 Ann. Cas. 752; Union Pac. R. Co. v. Whitney, 198 F. 784. Such are the federal decisions on the question as far as I have been able to find them. I think that I am not far wrong in saying that, in any case which may now arise in a federal court involving the question, the decision in the Wagner Case will be accepted and followed. In the case of Whitney Co. v. Johnson, supra, it was said that in view of section 274b of the Judicial Code (28 USCA § 398), and the decision of the Supreme Court in the case of Liberty Oil Co. v. Condon Nat. Bank,

260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232, the question whether the Wagner Case was correct or not is now "not very material."

But it is material in this, that if that decision was correct the question of fraud in the case is for the jury and not for the court, and the effect of its finding thereon is the same as on any other fact in the case. It cannot be said that such finding may be treated as advice to the court. It must be held that this ground of the demurrer is not well taken.

This brings me to the other ground thereof. Here the law and common fairness are with the defendant. If plaintiff was to repudiate the settlement of her cause of action, she should have repudiated it in its entirety, i. e. the payment made for the release as well as the release before bringing the action. The following authorities support this position, to wit: Vandervelden v. Chicago & N. W. R. Co. (C. C.) 61 F. 54, 59; Barker v. Northern Pac. R. Co. (C. C.) 65 F. 460, 462; Hill v. Northern Pac. R. Co. (C. C. A.) 113 F. 914; Price v. Connors (C. C. A.) 146 F. 503; Mahr v. Union Pac. R. Co. (C. C. A.) 170 F. 699.

In Barker v. Northern Pac. R. Co., the question was as to the right to bring a suit in equity to rescind the contract of release without first making a tender of the amount paid therefor, and in the Vandervelden v. Chicago & N. W. R. Co., that question was considered and decided. It was held that such tender was a condition precedent to the right to bring the suit. In the latter case the court said: "The money was paid for the purpose of avoiding, not only the risk of damages being recovered by the plaintiff, but also to save the costs and expenses of litigation, even if the result should be favorable to the company. If the court, without requiring a repayment of the money paid on the settlement, or the equivalent, should hear the issue as to the validity of the settlement, and decree a rescission of the contract, then the plaintiff could prosecute his law action, and therein litigate the question of original liability. If the judgment was adverse to him on that question, he would still have in his possession the money paid him to procure a settlement, and thus, in effect, the company would have been deprived of all the benefits of the settlement without having secured to it the return of the money which it paid to secure the settlement."

In the former case the court said: "Where a party attempts to rescind a contract, the rescission must be complete. He cannot affirm it in part and reject it in part. Common honesty would require him seeking to escape the burdens of the contract to return the benefits which he has received. This is not only a rule of common honesty and fairness, but has been recognized by the courts from time immemorial. There are some few exceptions where railroads have been involved, but they simply illustrate that courts sometimes give way to sentiment, and allow compassion and sympathy to rule, instead of tranquil judgment. And these offers of restitution should come promptly, not reluctantly or tardily. To withhold a restitution is to exhibit a want of confidence in the integrity and justness of his case, who complains of a contract, and seeks to set it aside because of fraud."

In the other three cases, the question arose in actions at law to recover damages for a personal injury. In the cases of Price v. Connors and Mahr v. Union Pac. R. Co., the fraud relied on was in the execution of the contract, in which sort of case it is held by all the courts fraud can be pleaded at law. In that of Hill v. Northern Pac. R. Co., the fraud relied on was in inducing and persuading the plaintiff to execute the contract. It was doubted whether such fraud could be pleaded in the action at law, but held that because a tender of the amount paid had not been made before the action was brought it was not maintainable.

The Kentucky decisions are in accord with this position. The defendant cites the following decisions to this effect: Louisville & N. R. Co. v. McElroy, 100 Ky. 153, 37 S. W. 844; Illinois Central R. Co. v. Vaughn (Ky.) 111 S. W. 707, 708; Wells v. Royers Wheel Co. (Ky.) 114 S. W. 737; Bramble v. C., F. & S. E. R. Co., 132 Ky. 547, 116 S. W. 742; Broadway Coal M. Co. v. Ortkies, 200 Ky. 8, 254 S. W. 434.

The demurrer is sustained.