**HOAD v. NEW YORK CENT. R. CO. et al.**

**No. 1074.**

District Court, W. D. New York.

March 26, 1934.

Searl & McElroy, of Syracuse, N. Y., for plaintiff.

Rann, Vaughan, Brown & Sturtevant and Harold J. Adams, all of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

The answer herein sets up a release as a bar to the alleged cause of action for personal injuries. The plaintiff replies that the release is invalid because of fraud in its procurement. Plaintiff moves that the question of the validity of the release be tried by a jury rather than by a court. The court heretofore ordered trial separately of the issues of the validity of the release and negligence. (D. C.) 3 F. Supp. 1020.

Examination of numerous authorities reveals that the decisions of the courts are not entirely in harmony. However, the weight may well be said to be rather evenly divided. The rule in this circuit is that, where there is fraud "touching the execution of the instrument such as misreading, the surreptitious substitution of one paper for another, or obtaining by some other trick or device an instrument which the party did not intend to give," Pringle v. Storrow (D. C.) 9 F.(2d) 464, 465, the trial may be had in a court of law; and, where "the fraud is of such a nature as to make an instrument voidable rather than void," Pennsylvania R. R. Co. v. Hammond (C. C. A.) 7 F.(2d) 1010, 1016, where the attack is supported "not by fraud in the execution of the instrument, but by fraudulent representations which induced the plaintiff to sign it," Pringle v. Storrow, supra, the trial should be had in a court of equity, Merwin v. New York, N. H. & H. R. Co. (C. C. A.) 62 F.(2d) 803; S. A. Lynch Enterprise Finance Corp. v. Dulion (C. C. A.) 45 F.(2d) 6. The distinction herein pointed out will be noted in a number of the

566

cases cited by the plaintiff. Union Pacific Ry. Co. v. Harris, 158 U. S. 326, 15 S. Ct. 843, 39 L. Ed. 1003; Whitney Co. v. Johnson (C. C. A.) 14 F.(2d) 24; Capital Traction Co. v. Sneed, 58 App. D. C. 141, 26 F.(2d) 296.

Section 274b of the Judicial Code (28 USCA § 398), provides for the interposition of equitable defenses in actions at law. It was said in Union Pacific Ry. Co. v. Syas (C. C. A.) 246 F. 561, 566: "We are clearly of the opinion that, when equitable relief is asked in an action at law, * * * the case for equitable relief should be tried as a case in equity, and that the great weight of authority is in favor of the practice of trying the case in equity first, for this practice serves to keep the equitable matter distinct, and to prevent what must otherwise frequently ensue—confusion and embarrassment in the progress of the action." Many authorities are there cited. In further support of the position that the issue should be tried by the court, these citations may be made: Manchester Street Ry. v. Barrett (C. C. A.) 265 F. 557; Pacific Mutual Life Ins. Co. of Cal. v. Webb (C. C. A.) 157 F. 155, 13 Ann. Cas. 752; Cook v. Fidelity & Deposit Co. (C. C. A.) 167 F. 95; Hill et al. v. Northern Pacific Ry. Co. (C. C.) 104 F. 754. In numerous cases reported in the courts, it will be seen that the trials at law have proceeded without the raising of the question of the forum. In the recent case of Patterson v. Cincinnati, N. O. & T. P. Ry. Co., 5 F. Supp. 595, in which the issue is comparable to the one at bar, it is held that the issue is triable by a jury, and numerous authorities are cited. Among these attention may be called to the following: Kansas City Southern Ry. Co. v. Martin (C. C. A.) 262 F. 241; Wagner v. National Life Ins. Co. (C. C. A.) 90 F. 395; Union Pacific R. Co. v. Whitney (C. C. A.) 198 F. 784. Many of the cases pointed out in Patterson v. Cincinnati rely upon the authority of Wagner v. National Life Ins. Co. This decision was rendered prior to the adoption of section 274b of the Judicial Code. Careful reading of the opinion compels the conclusion that it is not an authority on the question of the proper method of trial.

I am of the opinion that the issue on the validity of the release should be tried by the court preceding any trial on the question of negligence. I also feel that the decisions in this circuit are in accord with this view and are controlling.

Motion granted.