D. W. HOTALING ET AL. V. TECUMSEH NATIONAL BANK ET AL.

FILED MAY 4, 1898.   No. 8013.

55   5
f60  177

1. **Breach of Contract:** EQUITABLE COUNTER-CLAIM: TRIAL TO COURT. Where the answer to a petition for the recovery of damages for a breach of contract presents an equitable counter-claim which is traversed by a reply, the issues of fact thus arising are triable to the court without a jury.

2. **Breach of Covenant Against Incumbrances:** MISTAKE: PLEADING. In an action for damages for a breach of the covenant against incumbrances contained in a deed, an answer charging that the deed executed by the grantors does not contain a correct expres-

sion of the intention of the parties in regard to the transaction sufficiently alleges the mutuality of the mistake.

3. **Deeds as Mortgages:** Evidence: Mistake.    Evidence examined, and *held* to sustain the finding of the trial court that the deeds in question, though absolute in form, were intended to indemnify the grantees and others against a contingent liability, and were, therefore, mortgages. *Held, further,* That the evidence justifies the finding that the insertion in such deeds of covenants of warranty against incumbrances was the result of a mutual mistake of the parties.

ERROR from the district court of Johnson county. Tried below before BABCOCK, J. *Affirmed.*

*T. Appelget,* for plaintiffs in error.

*John H. Ames, C. Gillespie,* and *S. P. Davidson, contra.*

SULLIVAN, J.

On September 30, 1891, the firm of Russell & Holmes, being heavily indebted to the Tecumseh National Bank, conveyed to it, as security for such indebtedness, certain real estate situated in Johnson and Pawnee counties, in this state. The conveyance was by deeds of general warranty expressly declared to be subject to certain incumbrances therein mentioned. Afterwards Russell & Holmes, in order to obtain money with which to discharge their indebtedness to the bank and thus enable it to continue in business, induced the plaintiffs and forty-three others to execute to them a large number of accommodation notes, aggregating $57,250. These notes were obtained on the promise of Russell & Holmes that they would, with the proceeds thereof, pay off their indebtedness to the bank and then cause the bank to transfer said real estate to trustees for the benefit of the accommodation note makers. In pursuance of this arrangement the bank's claim was satisfied, and it thereupon joined with Russell & Holmes in conveying by warranty deeds the real estate aforesaid to Dew, Jolly, and Harris, as trustees for all the note makers. These deeds were made subject to the incumbrances mentioned in the

deeds from Russell & Holmes to the bank. It was sub-
sequently ascertained that, in addition to the incum-
brances mentioned and excepted in the deeds to the bank
and from the bank to the trustees, there were other valid
incumbrances on the land amounting in the aggregate
to about $4,000. The trustees removed these incum-
brances, and this action was thereupon commenced to re-
cover damages for breach of the covenants of warranty
contained in the deeds. The judgment of the district
court was in favor of the defendants, and the plaintiffs
prosecute error.

The refusal of the trial court to submit the issues to
a jury is the first error assigned. The case made by the
petition was an ordinary legal action to recover damages
for breach of contract, and the issues of fact raised
therein were, of course, triable to a jury. (*Kuhl v. Pierce*,
44 Neb. 584.) But the answer presented an equitable
counter-claim. It charged that the conveyances from
Russell & Holmes to it were intended to secure an in-
debtedness and were, therefore, in legal effect mortgages;
and that the conveyances by the bank to the trustees
were executed for the purpose only of transferring its
interest in the land in fulfillment of a promise given by
Russell & Holmes to the note makers that such transfer
would be made. These allegations of the answer were
traversed by the reply, and the issues of fact thus arising
were triable to the court without a jury. In 7 Ency. Pl.
& Pr. 810, the rule is thus stated: "When an equitable
defense is presented, it is to be decided by the court as
if it were an equitable proceeding, before other issues
are determined, because the determination of the equita-
ble issues in favor of the defendant would put an end
to the litigation and obviate the necessity of trying the
legal issues involved." And in *Peden v. Cavins*, 134 Ind.
494, it is said that "a demand for a jury should only in-
clude a demand for the trial of such issues as are triable
by a jury, and when several issues are joined in a cause,
some triable by jury and some by the court, and a de-

mand for a jury to try all the issues is made, it is not error to refuse it." To the same effect are the cases of *Van Orman v. Spafford*, 16 Ia. 186; *South End Mining Co. v. Tinney*, 35 Pac. Rep. [Nev.] 89; *Quinby v. Conlan*, 104 U. S. 503; *Estrada v. Murphy*, 19 Cal. 248; *Suessenbach v. First Nat. Bank*, 5 Dak. 477; *Lombard v. Cowham*, 34 Wis. 490. The action of the trial court in trying the issues without a jury was, therefore, not erroneous.

It is next insisted that the answer does not allege that there was any mutual mistake in failing to except the incumbrances in question from the operation of the covenants of warranty contained in the deeds from the bank to the trustees. But we think the answer is in that respect quite sufficient. It charges that the agreement, in pursuance of which the deeds to the trustees were executed, was that the bank should assign its interest in the land to them for the benefit of the signers of the accommodation notes; and that such deeds were executed in performance of that agreement and for no other purpose. These averments clearly show that the deeds executed by the bank did not contain a correct expression of the intention of the parties in regard to the transaction. They show that there was a mistake in the insertion of the covenants against incumbrances and that such mistake was mutual.

It is also contended on behalf of the plaintiffs that the evidence does not sustain the finding of the trial court that the deeds were not absolute conveyances. In support of this contention special stress is laid on the fact that the trustees sold, and certain officers of the bank purchased, a considerable portion of this land without any action having been taken to foreclose the equity of redemption of Russell & Holmes therein. This, certainly, would be a persuasive circumstance were it not for the fact that Russell & Holmes joined with the trustees in making the conveyances. The fact that they did so join indicates that all the parties must have regarded the deeds held by the trustees as mortgages se-

curing the indebtedness due from Russell & Holmes to the note signers. After a careful examination of all the evidence, we are entirely satisfied with the conclusion reached by the trial court, and its judgment is, therefore,

AFFIRMED.