CAVENDER v. VIRGINIA BRIDGE & IRON CO.

(District Court, N. D. Georgia. April 8, 1919.)

No. 349.

TRIAL ☞4—RELEASE AS DEFENSE—SEPARATE TRIAL OF ISSUE.

In an action at law for damages, for which plaintiff has executed a release, the validity and effect of which are in controversy, such issues should be tried first by the court sitting as a court of equity.

At Law. Action by S. C. Cavender against the Virginia Bridge & Iron Company. On motion to hear issue in equity. Motion granted.

Atkinson & Born, of Atlanta, Ga., for plaintiff.

Rosser, Slaton, Phillips & Hopkins, of Atlanta, Ga., for defendant.

NEWMAN, District Judge. This case is now heard on a motion, filed on March 20, 1919, which originally was as follows:

"Now comes the Virginia Bridge & Iron Company, defendant in the above-stated cause, and shows that said case is one in equity and should be transferred to the equity docket, and it makes this motion in order that such direction may be given to said case."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This was amended on March 29th as follows:

"Now comes the defendant and by leave of court first obtained amends its motion in the above-stated case, and prays that either the entire case be removed to the equity side of the docket, or that the court hear as chancellor under equity rules the question of setting aside the release, prior to the submission of any question of liability for damages, to the jury."

The plaintiff has filed a motion to strike from his plea that part of the pleadings which asks that the paper he gave to the defendant company be found and declared by the court to be a receipt only, and that the same be set aside and a decree entered declaring the said paper to be void and of no effect.

This motion was not allowed by the court, but was taken into consideration with the balance of the case after the argument was completed on the motion to transfer to the equity docket, or, as prayed, that the court hear the portion of the case which seeks the cancellation of the paper given to the defendant by the plaintiff as being null and void, in advance of and separate from the trial of the damage suit on the merits of that suit alone.

It is an interesting question, and I have considered the matter carefully. My conclusion is that the proper course to pursue is the one laid down by the Circuit Court of Appeals for the Eighth Circuit, in Union Pacific R. Co. v. Syas, 246 Fed. 561, 158 C. C. A. 531. This rule is stated by Judge Carland, in the opinion at page 567 of 246 Fed. at page 537 of 158 C. C. A., as follows:

"In the case before us, and all others like it, where it appears that no damages can be recovered until the release is out of the way, orderly procedure and a due regard for the rights of the parties demands that the equitable issues should be first tried by the court sitting as a court of equity. It is true the chancellor may take the advice of a jury, but in such cases the issues to be passed upon by the jury should be carefully framed, and the jury should not be the one which also tries the action at law, as the desire of the jury to render a verdict in the law action in favor of plaintiff or defendant may so cloud their judgment as to render their advice unsafe to follow."

This case was followed by the same court in Fay v. Hill, 249 Fed. 415, 161 C. C. A. 389.

I agree thoroughly with the law as laid down in this case, brought to the attention of the court by counsel for the defendant here, and I shall pass upon the validity of the paper signed by the plaintiff and claimed to be a release of the defendant in advance of the trial of the suit for damages. I will have the matter placed on the calendar as a matter to be heard by the court, whether the amendment of the plaintiff is allowed or not, in advance of the hearing of the main case. This, of course, enables it to be heard without being affected in any way by the evidence in the suit for damages, and will enable the court, sitting as a chancellor, to hear the case in an orderly way provided for the hearing of equity causes, and the paper either annulled and canceled or a decree entered declining to do so.

I shall hold the plaintiff's motion to strike that part of his plea which seeks to set aside and cancel the paper given by him to the defendant as being void, until after the hearing of the equity cause, or

during its hearing, at least, when the facts about the claim can be developed. I think the statement of the facts in the plea independently of the prayer are sufficient to authorize the court to give the case the direction I have indicated, and indeed to require the court to do so, in order that the whole case may proceed in an orderly way by passing first upon the validity of this paper as a release.