## NATIONAL ANILINE & CHEMICAL CO., Inc., v. ARNHOLD et al.

(District Court, S. D. New York. May 12, 1924.)

Trial ⊜⟞11 (2)—Issue on counterclaim in action at law held triable in equity.

   A counterclaim in an action at law, on which cancellation of a contract was prayed for, held triable in equity.

At Law. Action by the National Aniline & Chemical Company against Harry E. Arnhold and others. On motion by plaintiff to send certain issues to equity side for trial. Granted in part.

Bernard Hershkopf and Robert C. Rand, both of New York City, for plaintiff.

Joseph H. Choate, Jr., of New York City, for defendants.

⊜⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LEARNED HAND, District Judge. I am in much doubt whether the pleas in this case, as distinct from the counterclaims, should as of right be tried to a jury or in equity. The difficulty is that the decisions of the Supreme Court leave it questionable whether fraud is not a good legal plea to an action at law on a written instrument, even a specialty, as is the contract in suit. Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501, was the case of an insurance policy, where the defendant had as a defense that the assured had made false statements to get the policy. A bill in equity was dismissed because the facts made a good legal plea, though the fraud did not go to the factum. George v. Tate, 102 U. S. 564, 26 L. Ed. 232, came next, and was an action at law, where the Circuit Court had ruled out evidence of fraud inducing the execution of a bond. The ruling was sustained on the traditional distinction that only the factum could be tried at law and that the obligors knew the nature of the instrument when they executed it. There is no suggestion that this rule depended upon the fact that the action was on a specialty. The next case was Cable v. U. S. L. Ins. Co., 191 U. S. 288, 24 Sup. Ct. 74, 48 L. Ed. 188, which was substantially the same as Insurance Co. v. Bailey, supra, and which used that case as a controlling precedent, without noticing George v. Tate, supra. Finally came Amer. Mills Co. v. Amer. Surety Co., 260 U. S. 360, 43 Sup. Ct. 149, 67 L. Ed. 306, which was a bill to enjoin an action on a bond because of fraud in the inducement. That the obligation was a bond appears from the report below. (C. C. A.) 273 Fed. 67. True, the plaintiff won and sustained his bill, but it was only on the theory of the defendant's waiver of his objection to the equity of the bill. All the courts assumed the defense to be a good plea at law and for that reason were at pains to discuss the waiver. The rule of Insurance Co. v. Bailey, supra, and Cable v. U. S. L. Ins. Co., supra, was treated as settled law, without any notice of George v. Tate, supra.

In view of this last case I cannot see how George v. Tate, supra, can longer be thought to be law, or how the distinction between specialties and parol contracts can be maintained. This distinction was the explanation of the divergence of decision in Columbia, etc., Co. v. Abbot, 247 Fed. 833, 160 C. C. A. 55 (C. C. A. 1), but that was before Amer. Mills Co. v. Amer. Surety Co., supra (260 U. S. 360, 43 Sup. Ct. 149, 67 L. Ed. 306). I agree that it has not been the common understanding that fraud not going to the factum made a good plea in law, Union Pac. R. R. v. Syas, 246 Fed. 561, 158 C. C. A. 531 (C. C. A. 8), Fay v. Hill, 249 Fed. 415, 161 C. C. A. 389 (C. C. A. 8), and with all deference I cannot quite see how it accords with the generally accepted notion that defenses which avoid a consent by collateral matters are of equitable cognizance only. However, the best that can be said for the plaintiff's case is that the question is very doubtful, with the odds against it.

That being so, it is clear that the first plea to the first and second causes of action and the first plea to the third cause of action ought to be tried to a jury. The proper way to dispose of these pleas will be as follows: For the judge to take a special verdict upon them at the trial, and to make an independent finding himself, giving such regard

to the verdict as he may choose. Thus on appeal it will be possible for the appellate court, in case the finding differs from the verdict, to determine which of the two should prevail. Moreover, the judge who tries the case must himself decide in the first instance whether to treat the verdict as binding or as advisory, if he does not agree with it.

I agree that under Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 43 Sup. Ct. 118, 67 L. Ed. 232, this is held not to be the proper order in which to try an equitable defense, and that this must prevail over Plews v. Burrage, 274 Fed. 881 (C. C. A. 1), a case which incidentally appears to assume that the issue of fraud was necessarily for the court, though it might take an advisory verdict. It is true, if the pleas are not good at law, there will, strictly speaking, be error in the order of the trial. Still that error will be altogether harmless. I do not forget that in Union Pac. R. R. v. Syas, supra, 246 Fed. 561, 158 C. C. A. 531, it was held reversible error to try out the validity of the release before the same jury that tried the legal issues. But in that case the case at law did not involve those issues, and it was thought confusing to mingle them with the others.

In the case at bar, however, as will appear, some of the counterclaims, which are legal and must in any case be tried to a jury, involve the same issues as the pleas. It is therefore impossible that the jury will be confused if asked to find special verdicts on the pleas, when they must find special verdicts on the counterclaims. Assuming, then, that it be error, stricti juris, not to try the pleas in advance, it can do no harm. If forced to decide, I should say that the defendants were entitled to their verdict on these pleadings. Therefore the motion is denied as to the first plea to the first and second causes of action and the first plea to the third cause of action.

The next question is of the first counterclaim to the first and second causes of action. As this contains no ad damnum clause, and reiterates the allegations of the first plea, the only relief possible under it is the cancellation of the contract, for which there is a prayer. While in substance this is a defensive pleading, in form it is not. But there is no difference between it and the first plea, except in form. Therefore I must decide the question formally, and, so considered, there can be no doubt that it is triable in equity. As such Liberty Oil Co. v. Condon Bank, supra, 260 U. S. 235, 43 Sup. Ct. 118, 67 L. Ed. 232, applies, and nothing stands in the way of the plaintiff's motion, unless the defendants consent to a dismissal without prejudice. True, I might let it be tried with the plea, but I see no reason to do so. The defendants have, for reasons not apparent to me, chosen to add this pleading for affirmative relief to their defensive pleading. In so doing they have appealed solely to a court of equity, and they must abide by their choice. Therefore the motion is granted as to this counterclaim.

The second counterclaim to the first and second causes of action is clearly a cross-action at law for deceit. This appears from the omission to replead articles 26, 27, 30, 31, and 33, especially article 33, of the first plea to the first and second causes of action, and also from the ad damnum clause, which could have no proper place in an equitable counterclaim. The motion is denied as to this counterclaim.

The final relief relates to the first counterclaim to the third cause of action   This counterclaim is precisely the same as the first counterclaim to the first and second causes of action, and the disposition of it will be the same.

Motion denied as to the first plea to the first and second causes of action, the first plea to the third cause of action, and the second counterclaim to the first and second causes of action.   Motion granted as to the first counterclaim to the first and second causes of action and the first counterclaim to the third cause of action.   If the defendants do not consent to a dismissal without prejudice of these counterclaims within 20 days after service of the order on this motion, they are set for trial for the October equity term at the head of the calendar, and no voluntary dismissal will thereafter be allowed under rule 8 of our local Equity Rules, but the issues must go to trial or the dismissal will be on the merits.   How far that will constitute an estoppel as to the same issues in the action I need not now determine.