## HOAD v. NEW YORK CENT. R. CO. et al.
### No. 1074A.

District Court, W. D. New York.
July 11, 1933.

Searl & McElroy, of Syracuse, N. Y., for plaintiff.

Rann, Vaughan, Brown & Sturtevant, of Buffalo, N. Y., for defendant New York Cent. R. Co.

Harold J. Adams, of Buffalo, N. Y., for defendant Pennsylvania R. Co.

KNIGHT, District Judge.

The action is in negligence. Each defendant sets up as one of its defenses a release by the plaintiff. Plaintiff replying alleges that such release was obtained through misrepresentation and that it is null and void. Each defendant now moves for an order directing that the issue as to validity of such release be tried separately from the issue of negligence.

Section 443 of the Civil Practice Act of New York State specifically provides that the court, in the exercise of its discretion, may direct separate trial "of some or all of the issues of fact." It is well settled by the authorities in that state that the court should direct separate trial of such issues as are presented here. Charles N. Warner v. Star Co., 162 App. Div. 458, 147 N. Y. S. 803; Linker v. Jamison, 173 App. Div. 349, 159 N. Y. S. 469; Piuntkosky v. Harrington's Sons Co., 167 App. Div. 117, 152 N. Y. S. 902; Galanti v. Brady & Gioe, Inc., 211 App. Div. 858, 207 N. Y. S. 839. The reason for these decisions is well grounded. The issues are entirely disconnected. Consideration of the issue of negligence is likely to lead the jury to disregard the issue upon the release.

I think it is in line with the purpose of the Conformity Act (28 USCA § 724) and also in accord with decisions in the Federal Courts that this motion be granted. Union Pacific R. Co. v. Syas (C. C. A.) 246 F. 561; Cavender v. Virginia Bridge & Iron Co. (D. C.) 257 F. 877; Plews v. Burrage (C. C. A.) 274 F. 881; National Aniline & Chemical Co. v. Arnhold (D. C.) 298 F. 755; Pringle v. Storrow (D. C.) 9 F.(2d) 464.

In none of the cases cited by plaintiff was it held that separate actions upon the two issues could not be directed. In Manchester Street Ry. v. Barrett (C. C. A.) 265 F. 557, the issues were tried together, and defendant raised no point about a separate trial until the trial had been commenced. In Lion Oil Refining Co. v. Albritton (C. C. A.) 21 F. (2d) 280, the issue arising out of the alleged release was transferred to the equity side to be tried separately from the other issue. In Capital Traction Co. v. Sneed, 58 App. D. C. 191, 26 F.(2d) 296, the issues were tried together and without objection. In Union Pacific Ry. v. Harris, 158 U. S. 326, 15 S. Ct. 843, 39 L. Ed. 1003, and S. A. Lynch Enterprise Finance Corp. v. Dulion (C. C. A.) 45 F.(2d) 6, a question raised was whether an issue of fraud arising out of the procuring of a release was triable by a court of law.

I am not called upon now to pass upon the question of whether the issue raised by the reply shall be tried by the court or by a jury or whether the jury may render an advisory verdict under proper directions by the court. Reference to Union Pacific R. Co. v. Syas, supra, Pringle v. Storrow, supra, and National Analine & Chemical Co. v. Arnhold, supra, will disclose somewhat divergent views as to the procedure upon the trial.

The motion is granted.