## RAYTHEON MFG. CO. v. RADIO CORPORATION OF AMERICA.
### No. 2946.

Circuit Court of Appeals, First Circuit.
April 8, 1935.

Edward F. McClennen, of Boston, Mass. (E. Curtiss Mower, Jr., and Edward Williamson, both of Boston, Mass., on the brief), for appellant.

Richard C. Curtis, of Boston, Mass. (John L. Hall, of Boston, Mass., on the brief), for appellee.

Before WILSON and MORTON, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge.

This is an appeal by the plaintiff, appellant, from what is termed a final decree in equity entered February 19, 1934, in the United States District Court of Massachusetts.

The action was brought December 14, 1931, by the plaintiff as an action at law. It is based upon the Anti-Trust Laws, US CA, title 15, c. 1, § 15 (Clayton Act § 4).

Triple damages are sought totaling $9,-000,000. The plaintiff's declaration, as amended, contains two counts; one under the Sherman Anti-Trust Act (15 USCA § 1 et seq.), and the other under the Clayton Act (38 Stat. 730). The facts set forth are substantially the same in the two counts. The plaintiff alleges that in the year 1926, it was engaged in the manufacture, distribution, and sale in interstate commerce of tubes known as Raytheon rectifying tubes for use in radio receiving sets, and that it had built up a large and valuable good will in this interstate commerce business, and a large trade from which it realized in 1926 a net profit of $454,935, and that the defendant through manipulation and conspiracy with others has established a monopoly and totally destroyed plaintiff's business.

The defendant, the present appellee, for answer, filed a general denial and set up a general release under seal alleged to have been executed on or about March 19, 1929. Plaintiff's declaration referring to this alleged release says it was executed under legal duress. Defendant's answer denies duress.

After some sparring between the parties involving a motion to strike, demurrer, a motion for specifications, and various amendments on one side and the other, the pleadings were finally perfected.

On October 10, 1932, the defendant filed a motion to transfer the case to equity for a preliminary hearing upon the validity of the release. The motion was based upon the following grounds: "1. In its answer the defendant has alleged that the plaintiff released the defendant from all claims. 2. The plaintiff has conceded in paragraphs 36 and 37 and counts 1 and 2 of its declaration that the plaintiff did execute such a release, but the plaintiff alleged that the said release was executed under duress. 3. The said release was under seal in that the plaintiff adopted the seal of the other parties who signed the release. 4. A release under seal cannot be avoided in an action at law. 5. Great delay and expense would be saved by preliminary hearing on this issue."

On November 8, 1932, the defendant's motion to transfer the case to equity was granted by the District Judge, and on November 9, 1932, plaintiff's bill of exceptions to the order was filed and allowed.

On November 12, 1932, the plaintiff filed a motion for the framing of an issue to be tried by jury upon the issue of the validity of the release executed by the plaintiff. The motion was denied April 4, 1933.

On January 3, 1934, the plaintiff filed a motion on the law side of the docket that the order of November 8, 1932, transferring the case to equity be rescinded or be vacated or be superseded. In this motion the plaintiff disclaimed any right or remedy in equity to be relieved from the operation of the release, but claimed that a court of equity is without jurisdiction of these issues when presented in an action at law in which as to such duress neither party claims an equitable right or seeks an equitable remedy; that the plaintiff has and claims a right to trial by jury on this issue which arises in an action at law.

The foregoing motion was denied February 2, 1934.

On February 12, 1934, the plaintiff filed the following motions for entry of final decree:

"The plaintiff insists on its objections to the jurisdiction of this court in equity and to the order of transfer thereto and without waiving said objections says as follows:

"1. The plaintiff hereby discontinues, becomes nonsuit and dismisses before any hearing in equity any and all allegations and claims that in equity the release alleged in the plaintiff's declaration and in the defendant's motion for transfer is invalid in equity more than at law and that the plaintiff has any equitable right to a decree declaring said release invalid or to any relief in equity.

"2. The plaintiff admits and avers that it has no right in equity or to any remedy therein and because, and that, it has a plain, adequate and complete remedy at law in that a court of law will not give force or effect to a release obtained in the manner alleged and having said unlawful effect if enforced.

"3. The plaintiff tenders in equity no evidence in support of any right to relief in equity and now has no such evidence and, therefore, before hearing, announces the conclusion of its evidence in equity in support of any such right in equity, to the same extent and with the same effect as if the court in equity should now have set this case for hearing of evidence against the plaintiff's protest.

"4. This suit in equity is now before hearing ripe for final disposition.

"Wherefore the plaintiff moves that a final decree be entered in equity No. 3767, (1) dismissing said suit in equity No. 3767 for the reasons aforesaid, or (2) terminating said suit in equity No. 3767 in such manner as, in this state of the record, equity requires and (3) thereupon returning the papers originally filed in law No. 5021 to the court of law."

The above motion came on for hearing February 19, 1934. After hearing, the District Judge filed a rescript of his findings of fact and conclusions of law in which he set forth the various motions and rulings thereon, and in conclusion said: "Upon the issues submitted aforesaid to the Court sitting in equity, I, therefore, rule that the release is valid."

A final decree was entered in accordance with the findings of the court, February 19, 1934.

No evidence was offered or introduced at any stage of the proceedings but the court examined a copy of the contract between the parties embodying the release.

Exceptions were taken, filed, and allowed to each of the foregoing orders.

Plaintiff's petition for appeal is as follows:

"The plaintiff, aggrieved by the final decree entered in this case on Feb. 19, 1934, and by the proceedings on which the same is based, in the respects described in the as-

signment of errors herewithin, appeals to the Circuit Court of Appeals for the First Circuit from said final decree except so far as said decree transfers this case back to law, and from said proceedings, and prays that this, its claim of appeal, may be allowed and that the transcript of the record proceedings, bills of exceptions and papers upon which the said decree was based, duly authenticated may be sent to said Circuit Court of Appeals."

The order of the District Court upon plaintiff's petition is as follows: "March 9, 1934. Bond approved and above appeal allowed not as a supersedeas."

Plaintiff assigned the following alleged errors:

"First. In allowing on or about November 8, 1932, the defendant's motion to transfer case to equity for a preliminary hearing upon the validity of the release given by the plaintiff.

"Second. In denying on or about April 4, 1933, the plaintiff's motion for framing jury issues.

"Third. In denying on or about February 2, 1934, the plaintiff's motion to rescind or to vacate or to supersede the aforesaid order of this court entered on or about November 8, 1932, whereby the defendant's motion to transfer to equity was allowed.

"Fourth. In adjudging affirmatively, without evidence and in equity, in its finding and in its final decree entered February 19, 1934, upon the plaintiff's motion of February 12, 1934, but contrary thereto, that the release set forth in the defendant's answer and elsewhere is both valid and binding and that the further proceedings at law shall be in accordance with this decree."

■ No judgment of any kind has been entered in the action at law. It is pending for trial. During the progress of the oral arguments a question was raised as to whether or not this court had jurisdiction to entertain the appeal. The defendant does not challenge the plaintiff's right to appeal any of the orders and decrees in question. Both parties express the hope that, in the interests of directness and economy, this court will entertain it. We have every disposition to deal in a practical way with practical questions, but, as our jurisdiction is involved, we cannot pass the matter by without consideration. Consent of the parties is not sufficient. The right of appeal is strictly statutory. The provisions of the Judicial Code on which appeals ordinarily rest are sections 128 and 129 (28 USCA §§ 225, 227). Section 129 relates to appeals from interlocutory orders and decrees in proceedings for injunctions and receivers. Appeals are referred to in section 274b (28 USCA § 398), but there is nothing in its language expressly authorizing the right of appeal from an interlocutory order or decree. The question is whether the order of the District Court entered November 8th, transferring the case from law to equity, is appealable by reason of the provisions of section 129 when construed in conjunction with section 274b.

The latter section reads as follows:

"In all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of seeking the relief prayed for in such answer or plea. Equitable relief respecting the subject matter of the suit may thus be obtained by answer or plea. In case affirmative relief is prayed in such answer or plea, the plaintiff shall file a replication. Review of the judgment or decree entered in such case shall be regulated by rule of court. Whether such review be sought by writ of error or by appeal the appellate court shall have full power to render such judgment upon the records as law and justice shall require."

The right of the defendant to file an equitable defense in the action at law is not questioned. Upon its being so filed, the District Court transferred the issues raised to the equity side of the docket for trial by the court. This was in a sense an interlocutory order. As to whether or not an appeal therefrom to this court would lie was at the time of the hearing a question upon which circuit courts of appeal had reached conflicting decisions. In the following cases jurisdiction was denied, Emlenton Refining Co. v. Chambers (C. C. A.) 14 F.(2d) 104; Weaver v. Atlas Oil Co. (C. C. A.) 39 F.(2d) 847; Cox v. Graves, Knight & Graves, Inc. (C. C. A.) 55 F.(2d) 217; while in the case of American Cyanamid Co. v. Wilson & Toomer Co. (C. C. A.) 62 F.(2d) 1018, jurisdiction was sustained.

The question has now been determined by the opinion of the Supreme Court in the case of Enelow v. New York Life Insurance Company, 293 U. S. 379, 55 S. Ct. 310, 311, 79 L. Ed. ——, in an opinion handed down January 7, 1935. We quote from the language of Chief Justice Hughes as follows:

"It is thus apparent that when an order or decree is made under section 274b (28 USCA § 398), requiring, or refusing to require, that an equitable defense shall first be tried, the court, exercising what is essentially an equitable jurisdiction, in effect grants or refuses an injunction restraining proceedings at law precisely as if the court had acted upon a bill of complaint in a separate suit for the same purpose. Such a decree was made in the instant case, and therefore, although interlocutory, it was appealable to the Circuit Court of Appeals under section 129, as amended (28 USCA § 227)."

This appears to settle the jurisdictional question, as it is quite clear from a reading of the plaintiff's petition for appeal and its allowance by the District Court that the appeal was not only from what was termed a final decree, but from all orders on which it was based, and we now proceed to consider the merits of the controversy.

The several motions and rulings of the court present rather unusual and somewhat tangled questions involving distinctions between the jurisdiction of a court of law as distinguished from equity jurisprudence; distinctions that are by no means clearly marked.

■ "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." Such is the guarantee of the Seventh Amendment to the Federal Constitution. Const. (USCA, part 2, p. 581), Amend. 7.

Neither the Congress nor the courts can deprive a litigant of this right. It follows that if the plaintiff in this action is entitled to a trial by jury of the issues raised by the pleadings it must be held error on the part of the District Court to transfer the case from law to equity against plaintiff's protest.

If error was committed in this first order, all the subsequent orders made by the court of equity must be extrajurisdictional.

If the order of transfer was right, no sound reason is presented why the subsequent orders should not be sustained and the final decree of the District Court affirmed. It may be conceded that if the defendant's answer and plaintiff's anticipatory replication set forth any ground for equitable relief, no error was committed by the order of transfer dated November 8, 1932; but no equitable relief is sought. The release was set up as a defense in the action at law. The order of transfer to equity cannot be sustained upon this ground.

■ It has been argued that a distinction should be made between a release obtained by fraudulent misrepresentations where the instrument is consciously executed knowing it to be a release and one obtained by trickery such that the signer has no knowledge of the contents of the paper he has signed. It is contended that the latter may be pleaded in bar of an action at law, but that the former can be set aside only in a court of equity. Cases may be found supporting this distinction. See Heck v. Missouri Pac. Ry. Co. (C. C.) 147 F. 775; Hill v. Northern Pacific Ry. Co. (C. C.) 104 F. 754; Vandervelden v. Chicago & N. W. Ry. Co. (C. C.) 61 F. 54; Hoad v. New York Central R. R. Co. (D. C.) 6 F. Supp. 565. A long list of them may be found in the opinion of Lowell, J., in the case of Pringle v. Storrow (D. C.) 9 F.(2d) 464.

A very exhaustive discussion of the point may be found in the case of Wagner v. National Life Ins. Co. of Montpelier, Vt. (C. C. A.) 90 F. 395, and the court composed of Taft and Lurton, Circuit Judges, and Clark, District Judge, reached the conclusion that it is proper in a suit at law for the plaintiff to meet a plea of release by a replication that the release was obtained by fraud, whether the fraud is in the execution or in misrepresentation as to material facts inducing execution, where the issue involves simply a question of fraud between the parties. However, it is noted that the release in issue in that case was not under seal.

While it is true that fraud often furnishes ground for equitable relief, it more often creates an issue of fact peculiarly for a jury in actions at law. There seems to be no logical reason for submitting to the jury issues of fraud in ordinary actions of contract and denying to submit the issue in an action involving a release which is no more than a form of contract. Carey v. McMillan (C. C. A.) 289 F. 380, 387.

The courts in this jurisdiction, in more recent cases, both federal and state, have made no such distinction, but when a question of fraud has been raised in a replication to a simple release, not under seal, pleaded in bar, the entire issue has been submitted to a jury in a single trial in a court of law. Phoenix Mut. L. Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; Cable v. U. S. Life Ins. Co., 191 U. S. 288, 24 S. Ct. 74, 48 L. Ed. 188; Kansas City

Southern Ry. Co. v. Martin (C. C. A.) 262 F. 241; Southern Ry. Co. v. Clark (C. C. A.) 233 F. 900; Columbia-Knickerbocker Trust Co. v. Abbott (C. C. A.) 247 F. 833; Plews v. Burrage (C. C. A.) 274 F. 881; Suravitz v. Pristasz (C. C. A.) 201 F. 335; American Sign Co. v. Electro-Lens Sign Co. (D. C.) 211 F. 196. The last-mentioned case contains an extended discussion of the point.

We hold that the plaintiff cannot be deprived of his right to a jury trial upon any such narrow grounds as what now appears to be a fast disappearing distinction between a release obtained by fraudulent misrepresentations and one obtained by fraud in its execution.

**■■** No reason is suggested why a release obtained by duress should receive more favorable consideration than one obtained by fraud. In fact, if it were a moral question the odds would be in favor of the latter. It has been held that the same principles of law apply. Fairbanks v. Snow, 145 Mass. 153, 13 N. E. 596, 1 Am. St. Rep. 446.

The defendant's plea alleges that the release is under seal, and it is argued that therefore it can be set aside only by a separate action in equity. If this is so, it follows that the order of the District Court transferring the case from law to equity must be sustained.

An examination of the release discloses that there is no seal set opposite the signature of the plaintiff. Five signatures appear with only one seal which is set opposite the name of the General Electric Company. It is alleged in defendant's motion to transfer the case to equity that "said release was under seal in that the plaintiff adopted the seal of the other parties who signed the release." Whether the adoption of a seal affixed by another person is a question to be determined by extraneous evidence when there is nothing in the final wording of the instrument indicating that the parties "have hereunto set their hand and seal" raises a rather delicate question, but one which we do not find it necessary to determine. See Hudson v. Webber, 104 Me. 429, 72 A. 184; Barnet v. Abbott, 53 Vt. 120; State v. Humbird, 54 Md. 327; Jacksonville, etc., Ry. v. Hooper, 160 U. S. 514–519, 16 S. Ct. 379, 40 L. Ed. 515. It is quite evident that the judge of the District Court treated the release as under seal. No question to the contrary appears to have been raised before him by plaintiff's counsel. We do not think the question should be raised for the first time in this court. It well might have been considered that the plaintiff adopted the seal that was affixed to the release. C. F. Starita Co. v. Compagnie Havraise Peninsulaire (C. C. A.) 52 F.(2d) 58; Cammack v. J. B. Slattery & Bro., Inc., 241 N. Y. 39, 148 N. E. 781; Tasker v. Bartlett, 5 Cush. (Mass.), 359.

Treating the release as a document under seal, it does not necessarily follow that the plaintiff should be deprived of his right to a trial by jury when the nature of the present action is considered. Neither does it follow that an order transferring the case from law to equity against the protest of the plaintiff can be sustained when no affirmative equitable relief is sought.

We are cognizant of the fact that following the lead of the Supreme Court in Hartshorn v. Day, 19 How. 211, 15 L. Ed. 605 (1856), and George v. Tate, 102 U. S. 564, 26 L. Ed. 232 (1880), various lower federal courts have maintained a distinction between a simple contract not under seal and a specialty holding to the ancient doctrine that a sealed instrument can be set aside for fraud only in a court of equity. The Hartshorn Case, because of its complications, was clearly a case for a court of equity. The George Case was tried before a jury, but evidence of fraud was ruled out, and the ruling sustained by the Supreme Court. We find no suggestion that the procedure followed in that case was improper.

After citing the above-mentioned cases, defendant cites to the point, that a sealed instrument cannot be set aside except in equity, three cases in none of which a sealed instrument was involved. Union Pacific R. Co. v. Syas (C. C. A.) 246 F. 561; Cavender v. Virginia Bridge & Iron Co. (D. C.) 257 F. 877; Penn. R. R. Co. v. Hammond (C. C. A.) 7 F.(2d) 1010. It is rather significant that the industry of counsel has failed to cite for our examination a single Supreme Court case reaffirming the principle laid down in George v. Tate, supra.

**■** While 274b of the Judicial Code (28 US CA § 398) permits the filing of equitable defenses in an action at law, it does not change legal defenses into equitable defenses. Although defendant's answer may be filed as an equitable defense, it does not follow that it is such. It must be considered as though the allegations of the answer and replication were set forth in an independent suit in equity. Liberty Oil Co. v. Condon Nat. Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232; People of Porto Rico v. Livingston (C. C. A.) 47 F.(2d) 712.

In view of the decisions above referred to, we are unable to agree that, in all cases in which no affirmative equitable relief is sought by either plaintiff or defendant, one who signs a release, does, by the mere act of affixing a seal thereto, necessarily convert a legal into an equitable defense, thereby depriving himself of his constitutional rights to a trial by jury if it later appears that the transaction was conceived in fraud or was the result of duress. Cases involving the reformation or rescission of written contracts which by reason of mistake fail to express the intention of the parties of which McIsaac v. McMurray, 77 N. H. 466, 93 A. 115, L. R. A. 1916B, 769, is an illustration should be carefully distinguished.

While it may not appear that the case of George v. Tate has been expressly overruled, it appears to have been questioned and sometimes disregarded. Am. Mills Co. v. Am. Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306; Manchester St. Ry. v. Barrett (C. C. A.) 265 F. 557; Plews v. Burrage, supra; Nat. Aniline & Chemical Co. v. Arnhold (D. C.) 298 F. 755.

Union Pacific Railway v. Harris, 158 U. S. 326, 15 S. Ct. 843, 39 L. Ed. 1003, has been cited by some of the lower federal courts as sustaining the case of George v. Tate, but we find nothing in it that indicates that such was the intention of the Supreme Court, and it seems rather significant that no mention of the George Case is found in the opinion, and that a large number of cases decided in various state Supreme Courts are referred to.

Assuming, but not determining as a matter of law, that the District Court correctly held that the release is under seal by adoption, and assuming that the distinction between fraudulent misrepresentations and fraud in the execution of a sealed instrument still exists according to the greater weight of authority, the former as an equitable defense, the latter as a defense at law, we are still of the opinion that the assumptions cannot avail the defendant in this action.

The plaintiff's declarations set up as a cause of action a contract made in violation of the anti-trust laws; a contract which is declared by a statute to be illegal. Whether plaintiff can establish his claim is of no consequence in the determination of the present issue. Duress is a ground upon which the plaintiff seeks to avoid the consequences of his own act in entering into an illegal agreement.

Conceding that in ordinary cases an instrument executed under duress is voidable not void (Duignan v. U. S., 274 U. S. 195, 47 S. Ct. 566, 71 L. Ed. 996; J. M. Robinson & Co. v. Belt, 187 U. S. 41, 23 S. Ct. 16, 47 L. Ed. 65; Southern Cotton Oil Co. v. Shelton [C. C. A.] 220 F. 247), this cannot be so if the effect would be to give life and substance to an illegal contract.

In the case before us the release alleged to have been signed under duress enters into and forms an integral part of an agreement alleged to be illegal because establishing a monopoly in restraint of interstate trade. If the agreement is void the release is void, and requires no court of equity to so declare it. The primary issue is the validity or invalidity of the contract. A distinction is still made in cases following George v. Tate between instruments void and those voidable. A release obtained by trickery is treated in an action at law as if it were never made. It will admit of a replication or plea of non est factum. So, also, a release, even though under seal, is void not voidable when, if given effect, it would result in affirming a contract declared illegal by statute. As a matter of pleading such a release, filed as an answer in a suit at law, will admit of a replication setting out that the release is void. The principle that invalidity of a sealed contract may be set up as a defense in an action at law is not of modern origin. It dates back to the time of Coke's Reports. In Whelpdale's Case, found in Coke's Rep. vol. 3, p. 241, it is held that infancy and duress are defenses in an action at law under a plea of non est factum, while deeds void by act of Parliament require a special plea setting out the grounds of invalidity, and ending, "and so the said deed is void."

In the case of Maine Northwestern Development Co. v. Northern Commercial Co. (D. C.) 213 F. 103, 106, it is held that fraud inducing the execution of a contract which is of such a nature as to render it against public policy or illegal is available as a defense in an action on a contract at law. Judge Neterer says: "It would indeed be a harsh system of jurisprudence that would lend any of its courts to the enforcement of contracts in violation of fiduciary relations. While the distinction between law and equity is studiously preserved in our federal system, that distinction does not go to the extent of compelling one court to enforce agreements which the other would abhor. Both are established to promote the well-be-

950

ing of society, and this may not be promoted by encouraging the violation of the most sacred duties known to the law." See Continental Wall Paper Co. v. Louis Voight & Sons Co., 212 U. S. 227, 261, 29 S. Ct. 280, 53 L. Ed. 486.

It is impossible to harmonize the conflicting decisions of the District Courts or even those of the Circuit Courts of Appeal. Each seems to follow its own line of decisions.

■ We hold that the validity of the contract is the primary issue to be tried, and that it raises a mixed question of law and fact entitling the plaintiff to a trial by jury. The order transferring the action at law to equity filed November 8, 1932, cannot be sustained.

Only one more question requires attention for a final disposition of the case, in so far as the issues now before us.

After the case had been transferred to equity, the plaintiff moved the court to frame issues to be submitted to a jury, and it may be suggested that he thereby waived his right of trial by jury in an action at law.

■ When a court of equity calls a jury it is only for the purpose of enlightening its conscience and not to control its judgment. Basey v. Gallagher, 20 Wall. 670, 22 L. Ed. 452; Quinby v. Conlan, 104 U. S. 420, 26 L. Ed. 800.

■ Framing issues for a jury in actions in equity does not meet or secure the right to trial by jury as guaranteed by the Seventh Amendment. In the case of Cates v. Allen, 149 U. S. 451, 13 S. Ct. 883, 885, 977, 37 L. Ed. 804, Chief Justice Fuller uses the following language: "As the ascertainment of the complainants' demand is by action at law, the fact that the chancery court has the power to summon a jury on occasion cannot be regarded as the equivalent of the right of trial by jury secured by the seventh amendment." See, also, New Jersey Land & Lumber Co. v. Gardener Lacy Lumber Company (C. C.) 190 F. 861, 869.

■ In view of the fact that the plaintiff immediately filed a bill of exceptions to the order of transfer which was allowed November 9, 1932, and has consistently claimed throughout the course of proceedings in equity that it is entitled to a jury trial, we hold that it has not waived its right by its motion to frame issues to be tried by jury after the case was transferred to equity. See American Surety Company v. American Mills Co., supra; Hollins v. Brierfield Coal

& Iron Co., 150 U. S. 371, 380, 14 S. Ct. 127, 37 L. Ed. 1113.

The several orders and decrees of the District Court are vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant to have costs in this court.

MORTON, Circuit Judge, concurs in the result.